East'n. District.
*March,* 1826.

THORN & CO.
*vs.*
MORGAN & AL.

---

### CAIRE vs. BANK OF LOUISIANA.

APPEAL from the court of the first district.

MARTIN, J., delivered the opinion of the court. The plaintiff, the principal clerk in the office of the secretary of state, claims from

He who is bound to give an instrument of writing or a deed of sale, is bound to subscribe and seal it, if a seal be necessary.

East'n. District. the defendants $3,600, for having put the seals
*March*, 1826.        of the state to as many bonds, subscribed by
CAIRE        the governor, and countersigned by the trea-
*vs.*        surer, to be delivered to the defendants on
BANK OF
LOUISIANA.        payment of the portion of the state, in their
capital stock.   The charter of incorporation
of the bank, providing that " all the expenses
attending the issuing of such bonds shall be
paid from the funds of the bank."   The defen-
dants had judgment and he appealed.

We do not think the district court erred, in
declining to consider the labors of the plaintiff
as one of the charges the bank was not bound
to pay, and concluding that his claim, if any
he had, for the performance of this duty, is
upon the legislature.

The state having engaged to give its bond,
was to procure the services of such of its of-
ficers who were necessarily instrumental in
the making of the bonds: i. e. the clerks who
were to fill them up; the governor, who was
to subscribe; the treasurer, who was to coun-
tersign; and the plaintiff, who was to seal the
bonds.  He who is bound to give an instrument
of writing, or a deed of sale, is bound to sub-
scribe and seal it, if the seal be necessary.

The notary is, by law, paid by the vendee; but the costs of the act include nothing which the vendor is to perform personally, or by his attorney.

East'n District.
*March*, 1826.

CAIRE
*vs.*
BANK OF
LOUISIANA.

The defendants might as well be called on for any compensation the state might see fit to make to the clerks, governor, or treasurer, as thus to be called on to compensate the plaintiff. The paper and printing were, in our opinion, the only costs the defendants were liable to.

It is therefore ordered, adjudged, and decreed that the judgment be affirmed with costs.

*Denis* for the plaintiff, *Livermore* for the defendants.